UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

CASE NO. 3: 11-CV-00069-EBA

GREG STAMPER and
DONNA STAMPER,                                                                              PLAINTIFFS,

v.        **MEMORANDUM OPINION AND ORDER**

STAINLESS STEEL INVEST, INC.; et al.,                                              DEFENDANTS.

*** *** *** ***

The plaintiffs bring a negligence action against the defendants to recover for injuries sustained from a fall on October 10, 2010. The defendants claim immunity under KRS § 342.610 and have filed a motion seeking judgment as a matter of law under Fed.R.Civ.P. 56(a). Fully briefed, and for the reasons discussed below, the defendants' motion will be granted.

**I. BACKGROUND**

The defendants, Stainless Steel Invest, Inc.; Stainless Alloys, Inc.; Stainless Steel Invest, Inc.; & Stainless Alloys, Inc., a foreign general partnership doing business as North American Stainless, (hereinafter collectively referred to as "NAS") are required by Kentucky's OSHA regulations, 803 KAR 2:310, to have medical personnel, whether direct employees or contracted services, readily available and adequately trained to render first aid to individuals working within their operating facilities. [R.17-1, P.2]. On September 18, 2003, NAS contracted with Trico Security, Inc., for the provision of security services at NAS's facility. [R.17-1, P.2]. United Security Management Services (hereinafter referred to as "United"), is the successor-in-interest to Trico Security, Inc. [R.17-1, P.3].

Pursuant to the agreement, United agreed to provide both security guards and medical

staff, including 5-7 EMTs, at NAS's facility. Plaintiff Greg Stamper began working for United at NAS's facility in 2004. [R.17-1, P.3]. In 2006, Stamper became certified as an EMT and assumed the additional role of that position with United. [R.17-1, P.3]. In addition to traditional EMT duties, Stamper continued to patrol NAS's premises along the inside and outside perimeters to check for any safety or security issues, and open gates for incoming and outgoing vehicles. [R.17-1, P.3].

Guard Shack 1 was the main hub of United's security operations and was remodeled in 2006. [R.17-1, P.3]. In 2009, Guard Shack 1 was flooded when a water line broke, causing the tiles on the floor to break. [R.17-1, P. 4]. The loose pieces of tile were picked up and thrown away shortly thereafter, but otherwise, the floor has remained in the same condition since that time. [R.17-1, P.3]. Multiple people have tripped on the stairs in this area. [R.17-1, P.4].

On October 10, 2010, plaintiff Greg Stamper and a co-worker, Howard Meador, had just finished eating lunch on the second floor of Guard Shack 1 and were returning to duty. [R.17-1, P.4]. As they started down the stairs to the first floor of Guard Shack 1 and were returning to duty, Stamper testified the cleats of his boot got stuck on the metal strip at the edge of the top stair, causing him to fall down the flight of stairs. [R.17-1, P.4]. It is undisputed by both parties that the plaintiff's injury was sustained in the course and scope of his employment with United. It is also undisputed the plaintiff filed for and was awarded workers' compensation benefits against his employer, United. [R.17-1, P.9].

The plaintiffs, Greg Stamper and his wife Donna Stamper, bring forth three claims against the defendants, (1) NAS maintained a dangerous walk space and a hazardous condition on its premises, (2) Plaintiffs allege Greg Stamper was injured as a result of this hazardous

2

condition, and (3) Plaintiff Donna Stamper is asserting claims of loss of consortium and services as a result of her husband's injuries. [Docket No. 1 ¶¶ 5-7, 9].

In the defendants' motion for summary judgment, NAS brings forth three defenses regarding the plaintiffs' claims.  The defendants argue the plaintiffs' claims are (1) barred by the exclusive remedy provisions of the Kentucky Workers' Compensation Act (hereinafter referred to as "Act"), (2) an open and obvious condition for which NAS is not liable, and (3) derivative in nature to Greg Stamper's claims as it pertains to Donna Stamper's claim for loss of consortium. [R.17, P.1].

The plaintiffs' claims are barred by the exclusive remedy provision of the Kentucky Workers' Compensation Act.  The third claim for consortium is derivative of the first, and thus is also barred.  For the reasons set forth below, there is no genuine issue of material fact in this cause of action, thus the defendants' motion for summary judgment will be granted.

## II. ANALYSIS

### 1. Legal Standard

Summary Judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. Anderson v. Liberty Lobby, 477 U.S. 242, 243 (1986).  However, when "deciding a motion for summary judgment, this court views the factual evidence and draws all reasonable inferences in favor of the non-moving party." B.F. Goodrich v. U.S. Filter Corp., 245 F.3d 587, 591-592 (6th

Cir. 2001). In order "to prevail, the non-movant must show sufficient evidence to create a genuine issue of material fact." Id. at 592. A factual issue "is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 451 (6th Cir. 2004)(citing Anderson, 477 U.S. at 248). This means that "the existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." Sutherland v. Mich. Dept. of Treasury, 344 F.3d 603, 613 (6th Cir. 2003)(citing Anderson, 477 U.S. at 251).

**2. Defendants' Motion for Summary Judgment**

**A. The exclusive remedy provisions of the Kentucky Workers' Compensation Act.**

Under the Kentucky Workers' Compensation Act, if a subcontractor has secured compensation coverage for an employee who is injured while performing work that is a regular or recurrent part of the contractor's business, the 'exclusive remedy' provision applies and the contractor is immune from suit under KRS § 342.610 and KRS § 342.690.

**The Exclusive Remedy Provision**

KRS § 342.610 identifies those employers who are liable for payment of workers' compensation benefits to employees who suffer work related injuries. It provides in pertinent part:

> (1) Every employer subject to this chapter shall be liable for compensation for injury, occupational disease, or death without regard to fault as a cause of the injury, occupational disease, or death.
>
> (2) A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation

4

>    as provided for in this chapter . . . A person who contracts with another:
>
>>    (b) To have work performed of a kind which is a regular or recurrent part of the work of the trade, business occupation, or profession of such person shall for the purposes of this section be deemed a contractor, and such other person a subcontractor. (KRS § 342.610).

The defendants allege under the exclusive remedy of the Act, NAS is immune from tort liability for the injury to Stamper. KRS § 342.690(1) provides in part:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.

In Kentucky cases where "premise owners are 'contractors' as defined by KRS § 342.610(2)(b), they are deemed to be the statutory, or 'up-the-ladder' employers of individuals injured while working on their premises and . . . are immune from tort liability with respect to work-related injuries." General Electric Co. v. Cain, 236 S.W.3d 579, 585 (Ky. 2007). The defendants argue if a worker is injured in the course and scope of his or her employment, the only remedy available to the injured worker is provided by the Act, and this exclusive remedy rule applies regardless of the employer's negligence. [R.17-1, P.7].

It is undisputed in this case that Stamper was employed by United, he was injured in the course and scope of his duties, and United secured payment of compensation. As such, to avoid liability in tort, NAS must prove they contracted with United to be a subcontractor on the premises, performing work of a kind which is a regular or recurrent part of NAS's work or trade, business, occupation, or profession. See KRS § 342.610, KRS § 342.690. The Court must now consider whether Stamper's work was of a regular or recurrent nature to decide whether

5


immunity under the exclusive remedy provision of KRS § 342.610 applies.

## Regular or recurrent part of the work.

An up-the-ladder employer is only entitled to the immunity provided in KRS § 342.610 if it meets the qualifications of a contractor under KRS § 342.610(2). An employer meets those qualifications if it "contracts with another" to have work performed "of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession" of that person. KRS § 342.610(2). The plaintiffs argue as an EMT and safety officer, Stamper was not part of the regular or recurrent business of manufacturing fully integrated steel, thus the defendants cannot be beneficiaries of the immunity provided by the up-the-ladder legislation. Citing Fireman's Fund Ins. Co.v. Sherman and Fletcher, 705 S.W.2d 459 (Ky. 1986), the plaintiffs argue the purpose of up-the-ladder legislation is to provide workers' compensation benefits to an employee whose subcontractor employer is an irresponsible party, and not to protect business or property owners whose negligence causes injury. Id. at 462.

In Gesler v. Ford Motor Co.,185 F.Supp.2d 724 (W.D.Ky. 2001), the court observed the Fireman's Fund case involved an employee of a subcontractor engaged to do framing work on a large construction project, and found "the business or occupation of [the defendant] was building construction, and rough carpentry is work of a kind which is a regular or recurrent part of the work of the business." Id. at 728. In other words, although the court may have said the legislation is made for irresponsible subcontractors, its holding affirmed a more straight-forward position that building contractors regularly require rough carpentry work in framing the buildings they construct, and that work is a regular or recurrent aspect of that business, thus is entitled to immunity under the statute. Id.

In a similar decision, the court in Daniels v. Louisville Gas and Electric Co., 933 S.W.2d 821 (Ky.App. 1996), held a plaintiff who was employed by a subcontractor to conduct emissions testing on Louisville Gas and Electric Co.'s (hereinafter referred to as LG&E) coal-fired generators, performed work that was a regular and recurrent part of LG&E's business. Id. at 824. The Environmental Protection Agency required testing be performed each time LG&E installed or upgraded its pollution control equipment. Though the particular work performed at the factory hadn't been performed frequently throughout the years, the court still found it was a regular or recurrent part of LG&E's business. Id. The Daniels court interpreted "recurrent" as "occurring again or repeatedly" and "regular" as "customary or normal, or happening at fixed intervals," but definitively stated "neither term requires regularity or recurrence with the preciseness of a clock or calendar." Id. Similarly in General Electric Co. v. Cain, 236 S.W.3d 579 (Ky. 2007) the Kentucky Supreme Court interpreted regular or recurrent as "the type of work performed is a "customary, usual or normal" part of the trade, business, occupation, or profession, including work assumed by contract or required by law; "recurrent" means that the work is repeated, though not with the preciseness of a clock." Id. at 587. The Cain court further stated that the term "regular" not only applied to the nature of the owner's business, but to the frequency of the occurrence of a need to perform the work in question. Id. The Kentucky Supreme Court in Cain continued in its conclusion by stating:

> Work of a kind that is a "regular or recurrent part of the work of the trade, business, occupation, or profession" of an owner does not mean work that is beneficial or incidental to the owner's business or that is necessary to enable the owner to continue in business, improve or expand its business, or remain or become more competitive in the market. Larson's, supra, at § 70.06[10]. It is work that is customary, usual, or normal to the particular business (including work assumed by contract or required by law) or work that the business repeats with some degree of regularity, and it is of a kind

7

>   that the business or similar businesses would normally perform or be
>   expected to perform with employees.

Id. at 588.

NAS is required by Kentucky OSHA regulation 803 KAR 2:310 to "ensure the ready availability of medical personnel for advice and consultation on matters of occupational health." 803 KAR 2:310 further states:

>   (1) Employers with eight (8) or more employees within the establishment shall have persons adequately trained to render first aid and adequate first aid supplies shall be readily available.

NAS contends it was obligated to have medical personnel, such as plaintiff Greg Stamper, readily available to respond to employee injuries and administer first aid.

The plaintiffs claim NAS does not use United employees to meet this requirement and in fact has its own "first responders" who meet the OSHA requirement. [R.18-1, P.5]. In the defendants' motion for summary judgment, they allege NAS's EMTs and United's employees performed essentially the same functions, responding to incidents that occurred at NAS's facility. [R.17-1, P.4].

The work done by Greg Stamper was done on a regular basis, and although the medical emergencies he responded to totaled 2-4 times per week, they did frequently occur, as well as his other daily duties. Under both Cain, 236 S.W.3d at 587 and Daniels, 933 S.W.2d at 824, the work done by the plaintiff falls under the regular or recurrent category. As stated earlier, the medical emergencies that Stamper attended to were frequent, and a direct result of the steel manufacturing business. Further, the plaintiff continued to patrol NAS's premises along the inside and outside perimeters to check for any safety or security issues, and open gates for incoming and outgoing vehicles. [R.17-1, P.3]. His duties occurred frequently, and were not

only a necessary part of NAS's business, but were customary, usual, and normal to the defendants..

In this case, the Court finds the claims of the plaintiffs are barred by the immunity provided by the exclusive remedy clause in KRS § 342.610. The defendants have effectively shown there is no question of fact. The relationship between NAS and United was one of a contractor/subcontractor, and the work being done by the plaintiff was a regular or recurrent part of the defendants' business, thus meeting the qualifications of KRS § 342.610. Based on the precedent case law and above discussion, Stamper conducted work activities that were constant and necessary for NAS. The defendants' motion for summary judgment should be granted under the exclusive remedy provision provided in KRS § 342.610.

### Plaintiff Donna Stamper's claim for loss of consortium.

Plaintiff Donna Stamper is asserting a claim of loss of consortium and services as a result of her husband's injuries. [R.1, ¶ 9]. However, "such an action is derivative in nature, arising out of and dependent upon the right of the injured spouse to recover." McDaniel v. BSN Medical, Inc., NO. 07-00036, 2010 WL 4779767 at *4 (W.D.Ky. Nov. 16, 2010)(citing Floyd v. Gray, 657 S.W.2d 936, 941 (Ky. 1983)(Leibson, J., dissenting)). Further, even Ky. Const § 54, which prohibits the general assembly from abolishing causes of action for injury, does not protect the widow of an employee who was killed at work from the operation of the Workmen's Compensation act. In Brooks v. Burkeen, 549 S.W.2d 91 (Ky. 1977), the court found that a widow was not entitled to recover for loss of consortium against the employer due to the exclusive remedy clause of the Kentucky Workers' Compensation Act which has been discussed at length in this opinion. Id. at 94.

9

As set forth above, NAS is entitled to summary judgment on the claims of Greg Stamper, and therefore, is equally entitled to summary judgment on the claim for loss of consortium now asserted by Donna Stamper.

### III. CONCLUSION

For the reasons discussed, and because no issues of material fact remain, IT IS HEREBY ORDERED as follows:

1. Defendants' Motion for Summary Judgment is GRANTED.

2. The Federal and State claims asserted in this action by Plaintiffs Greg and Donna Stamper against the defendants are DISMISSED, with prejudice.

3. A separate judgment will be entered this date.

This 3rd day of July, 2012.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge